**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TANIA KANGA THARALINGHAM,** | § | |
| | § | |
| **Plaintiff,** | § | **CAUSE NO.: _____** |
| | § | |
| **v.** | § | |
| | § | **(Removed from 189th Judicial District Court,** |
| **NATIONSTAR MORTGAGE LLC,** | § | **Harris County, Cause No. 202283244)** |
| | § | |
| **Defendant.** | § | |
| | § | |

## NOTICE OF REMOVAL

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Defendant" or "Nationstar") hereby removes the action that Tania Kanga Tharalingam ("Plaintiff") filed in the 189th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  Defendant does so under 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

### I.
### STATEMENT OF THE CASE

1.     On December 27, 2022, Plaintiff commenced Cause No. 2022-83244, styled *Tania Kanga Tharalingam v. Nationstar Mortgage LLC*, in the 189th Judicial District Court of Harris County, Texas (the "State Court Action").[1]  In her Complaint, Plaintiff asserts claims against Defendant for declaratory judgment, breach of contract, violation of Texas Property Code § 5.065, negligent misrepresentation, and violation of the Real Estate Settlement Procedures Act ("RESPA").[2]  Plaintiff seeks actual damages, exemplary damages, attorney's fees, and all costs of court.[3]

---

[1] A copy of the Original Petition (the "Complaint") is attached hereto, with all State Court Action processes, pleadings, and orders, as **Exhibit A**.
[2] *Id*. at ¶ 20-37.
[3] *Id*. at ¶ 38-40.

## II.
## TIMELINESS OF REMOVAL

2. On or about, February 6, 2023, Nationstar was served with a copy of Plaintiff's Complaint.  This Notice of Removal is filed within thirty (30) days of receipt of the Complaint by Nationstar.  Accordingly, this Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

## III.
## VENUE

3. Venue for this case is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas, the location of the pending State Court Action.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(1) (counties comprising the Houston Division).

## IV.
## BASIS FOR REMOVAL: FEDERAL QUESTION

4. The Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiff alleges and seeks damages based on her claim that Defendant violated RESPA and its implementing regulations, 12 CFR §1024.41, et seq.[4]  Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[5]  Because Plaintiff asserts a claim arising under federal

---

[4] *Id.* at ¶ 34-37.
[5] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

statutes and regulations, removal of this entire cause of action is appropriate pursuant to 28 U.S.C.

§ 1441(a), (c). The Court also has supplemental jurisdiction over any remaining state law claims

because they "form a part of the same case or controversy."[6]

**V.**
**PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

5.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served

in the State Court Action, are attached hereto as **Exhibit A**.

6.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this *Notice of Removal*,

Nationstar is providing Plaintiff, through counsel, with written notice of removal, and a copy of

this *Notice of Removal* is being filed with the Clerk of the 189th Judicial District Court of Harris

County, Texas.

**VI.**
**CONCLUSION**

7.      The Court may exercise original jurisdiction over this action because Plaintiff

asserts a claim arising under federal law, and the Court has supplemental jurisdiction over any

remaining state law claims because they form a part of the same case or controversy.


Dated: February 27, 2023                           Respectfully submitted,


                                                   */s/ Matthew D. Durham*
                                                   **MATTHEW D. DURHAM**, SBN: 24040226
                                                   mdurham@mcguirewoods.com
                                                   **McGUIREWOODS, LLP**
                                                   2000 McKinney Avenue, Suite 1400
                                                   Dallas, Texas 75201
                                                   Tele.   (214) 932-6400
                                                   Fax     (214) 932-6499

                                                   ***ATTORNEY FOR DEFENDANT***
                                                   ***NATIONSTAR MORTGAGE LLC***

---

[6] 28 U.S.C. § 1367(a).

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Law Office of Erick DeLaRue, PLLC
Erick DeLaRue – erick.delarue@delaruelaw.com
*Attorney for Plaintiff*

*/s/ Matthew D. Durham*
**MATTHEW D. DURHAM**

# EXHIBIT A

# 2022-83244

**COURT:**   189th
**FILED DATE:**   12/27/2022
**CASE TYPE:**   Foreclosure - Other



### THARALINGAM, TANIA KANGA

Attorney: DELARUE, ERICK JOSEPH

### vs.

### NATIONSTAR MORTGAGE LLC

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 12/28/2022 | TRORX - ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER |
| 12/28/2022 | STBNX - ORDER SETTING BOND SIGNED |
| 12/28/2022 | CASO - ORDER SIGNED SETTING HEARING |
| 12/28/2022 | Called Barret Daffin left a message to Shelley voicemail regarding the hearing for today (512-600-4323)at 1:38pm. Plt attorney stated receive confirmation that they will not be making an appearance. I've also emailed Shelley. <br><br> Sasha Prince |
| 12/28/2022 | on 12/28, TRO.  Atty Erick DeLaRue appeared.  Property is at 127 E. 31st 1/2 St, Houston, TX  77018.  Judge Dedra Davis |
| 12/28/2022 | Plaintiff Attorney stated no law firm or contact information attach to the notice for Nationstar Mortgage, LLC. <br><br> Sasha Prince |
| 12/28/2022 | GRANTED at 5:01pm on 12/28, TRO.  Atty Erick DeLaRue appeared.  Judge Dedra Davis |
| 12/28/2022 | TI in 189th at 1:30pm on 1/17. |

12/27/2022 12:09:10 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 71292099
By: ABRAM, DERRICK A
Filed: 12/27/2022 12:09:10 PM

# CIVIL PROCESS REQUEST FORM

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED.

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): **PETITION** _____

**FILE DATE OF MOTION:** _____ **DECEMBER 27, 2022** _____
Month/     Day/     Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: **NATIONSTAR MORTGAGE, LLC** _____

   ADDRESS: **211 E. 7TH STREET, SUITE 620   AUSTIN, TX 78701**

   AGENT, (*if applicable*): **C/O CORPORATION SERVICES COMPANY**

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): **CITATION** _____

   **SERVICE BY** (*check one*):
   - [ ] **ATTORNEY PICK-UP**　　　　[ ] **CONSTABLE**
   - [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-UP: Courthouse Connection ___ Phone: _____
   - [ ] **MAIL**　　　　[ ] **CERTIFIED MAIL**
   - [ ] **PUBLICATION:**
     Type of Publication:　[ ] **COURTHOUSE DOOR, or**
     　　　　　　　　　　　[ ] **NEWSPAPER OF YOUR CHOICE:** _____
   - [x] **OTHER**, *explain*:  **EMAIL TO ATTORNEY** _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the
Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage
for mail back.  Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

   **TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):
   - [ ] **ATTORNEY PICK-UP**　　　　[ ] **CONSTABLE**
   - [ ] **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: _____ Phone: _____
   - [ ] **MAIL**　　　　[ ] **CERTIFIED MAIL**
   - [ ] **PUBLICATION:**
     Type of Publication:　[ ] **COURTHOUSE DOOR, or**
     　　　　　　　　　　　[ ] **NEWSPAPER OF YOUR CHOICE:** _____
   - [ ] **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: **Erick DeLaRue** _____ TEXAS BAR NO./ID NO. **24103505** _____

MAILING ADDRESS: **2800 Post Oak Blvd., Suite 4100** _____ **Houston, TX 77056**

PHONE NUMBER: _____ **713-899-6727** _____ FAX NUMBER: _____ _____
area code     phone number          area code    fax number

EMAIL ADDRESS: **erick.delarue@delaruelaw.com** _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form　　　　　　　　　　　　Rev. 5/7/10

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.

SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION


COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
      ORDER TO:  _____
                          (specify)

      MOTION TO:  _____
                          (specify)

**PROCESS TYPES:**

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

12/27/2022 12:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 71292099
By: Derrick Abram
Filed: 12/27/2022 12:09 PM

## CAUSE NO._____

| | | |
|---|---|---|
| **TANIA KANGA THARALINGAM** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONSTAR MORTGAGE, LLC** | § | **_____    JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tania Kanga Tharalingam, Plaintiff herein, filing this her Original Petition, Application for Injunctive Relief, and Request for disclosures complaining of Nationstar Mortgage, LLC, Defendant herein, and for causes of action would respectfully show the Court as follows:

### DISCOVERY

1.      Plaintiff intends to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

### PARTIES

2.      Tania Kanga Tharalingam is an individual who resides in Harris County, Texas and may be served with process on the undersigned legal counsel.

3.      Nationstar Mortgage, LLC is an entity which conducts business in Harris County, Texas and may be served with process as follows:

> Nationstar Mortgage, LLC
> c/o Corporation Services Company
> 211 E. 7th St., Suite 620
> Austin, TX 78701

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over Nationstar Mortgage, LLC because this is an entity which conducts business Harris County, Texas.

6.      The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is mandatory in Harris County, Texas because the subject matter of the lawsuit involves real property which is located in Harris County, Texas. Further, all or a substantial part of the events or omissions giving rise to Plaintiff's causes of action against Defendant occurred in Harris County, Texas thus venue is proper under §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## RELEVANT FACTS

6.      The subject matter of this lawsuit is the real property and the improvements thereon located 127 E. 31st ½ St., Houston, TX 77018 (the "Property").

7.      Tania Kanga Tharalingam ("Kanga") purchased the Property on or about October 14, 202. During this process, Kanga executed a Note ("Note") as well as a Deed of Trust (the "Deed of Trust") in which AmCap Mortgage, Ltd. is listed as the Lender.

8.      Upon information and belief, the Deed of Trust was subsequently transferred to Nationstar Mortgage, LLC ("Nationstar"), under assignment, but the original Deed of Trust was not assigned properly.

9.      The alleged assignment of the Deed of Trust does not meet the requisites of a valid assignment and, therefore, the chain of title is broken from the original lender.

10.     Kanga was very consistent about paying her mortgage; however, when COVID 19 struck the U.S., Kanga began to have financial difficulties.  She immediately called Nationstar to

inform them of the circumstances and obtain financial help.  A Nationstar representative informed Kanga that she was qualified for a 6-month COVID forbearance plan upon the expiration of which she would be placed into a loan modification that would help her make her payments. Kanga accepted and Nationstar complied with their promise.  Unfortunately, the loan modification that Nationstar placed Kanga in subsequent to the forbearance was not affordable to her, which she informed them of immediately.

11.     Despite her inability to pay, Kanga timely submitted the first two payments but that was the most she could do before she ran out of money to pay for groceries and such.  Again, Kanga reached out to Nationstar to inform them that despite her best efforts, she was unable to pay the modified amount…an amount she was told would be lower than her previous mortgage payment.  The problem was that she was told her modified mortgage payment would be based on her income and would be in an amount that would allow her to still pay her other bills.   It wasn't. The Nationstar representative Kanga spoke with informed her that the COVID loan modification was different from the normal, general loan modification they normally offer borrowers who are in financial crisis and, thus, she was eligible for another loan modification.

12.     As such, the representative told Kanga to send in a new application to begin the review process.  Unfortunately, the process was not smooth.  Nationstar continually requested additional documents…documents that Kanga had already sent.

13.     This process continued for 3 months until Kanga began receiving phone calls/advertisements from investors and lawyers offering to help her stop the coming foreclosure of her Property on January 3, 2023.  Kanga was shocked because she believed she was still being reviewed for a loan modification.  This is a process called dual tracking in which a lender simultaneously reviews a borrower for a loss mitigation while also putting them into the

foreclosure process.  This is prohibited by the Real Estate Settlement Act which protects borrowers from such misleading conduct from lenders.  Additionally, Kanga had not received any notice of foreclosure.  Apparently, Nationstar posted Kanga's Property into foreclosure without sending her notice of default, notice of acceleration, and notice of default which is a violation of the Texas Property Code, the Deed of Trust, and Kanga's due process rights.

14.     Further, Plaintiff is informed and believes, and thereon alleges, that in order to conduct a foreclosure action, a person or entity must have standing under the deed of trust and statute.  Plaintiff is informed and believes, and thereon alleges, that in order to assign a deed of trust, some person or entity must rightfully hold the note that the deed of trust secures payment on; an assignment of the mortgage note carries the deed of trust with it, while an assignment of the deed of trust alone is a nullity.

15.     Nationstar cannot produce any evidence that Kanga's mortgage note has ever been transferred to them.  Any attempt to transfer the beneficial interest of a deed of trust without actual ownership of the underlying mortgage note is void under the law.  Therefore, Nationstar cannot establish that is entitled to assert a claim in this case such that the assignment to Nationstar was effective at all.  As such, Defendant Nationstar does not have standing to foreclosure on the Property.

16.     Accordingly, Plaintiff alleges that Defendant is attempting to sell Plaintiff's Property at a foreclosure sale on January 3, 2023 without standing and in violation of RESPA, the Deed of Trust, and Kanga's due process rights.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

17.     Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, affiliated entities, and/or previous owners of the Note, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, representatives of Defendant's affiliated entities, and previous owners of the Note by virtue of respondeat superior, apparent authority, and estoppel doctrines.

### FIRST CAUSE OF ACTION:
### DECLARATORY JUDGMENT

20.     To the extent not inconsistent herewith, Tania Kanga Tharalingam ("Kanga") incorporates by reference the allegations made in paragraphs 1 through 17 as if set forth fully herein.

21.     Plaintiffs made, presented, or used the assignment associated with the mortgage loan with knowledge that the documents or other records are fraudulent court records or fraudulent liens or claims against the real property. Additionally, Defendant falsely and fraudulently prepared documents required for Defendant to foreclose as a calculated and fraudulent business practice.

22.     Therefore, Plaintiff seeks a determination of the rights of the parties pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.001 (West).  An actual controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and duties, in that

Plaintiff contends that Defendant did not have the right to foreclose on the Property because Defendant has failed to perfect any security interest in the mortgage note as a real party in interest.  Thus, the purported power to foreclose, or even to collect monetarily on the note, does not now apply.

23.     Plaintiff seeks a determination that Defendant are liable for having failed to properly record all releases, transfers, assignments or other actions relating to instruments Defendant filed or caused to be filed, registered or recorded in the deed of records of Texas in the same manner as the original instrument was required to filed, registered or recorded.

24.      Plaintiff seeks a determination that the power of sale in the Deed of Trust has no force and effect at this time as to Defendant because Defendant's actions in processing, handling, and foreclosure of this loan involved fraudulent, false, deceptive and/or misleading practices including, but not limited to, violations of Texas laws meant to protect the property records and property owner's/mortgage borrowers.

24.     Plaintiff seeks a determination that because Defendant did not have standing to initiate foreclosure of the property, that any and all notices sent by Defendant regarding default or foreclosure be declared invalid.

25.     Plaintiff seeks a declaratory judgment for quiet title, thereby voiding all documents on file indicating any interest of Defendant in the Property pursuant to the Deed of Trust, subsequent assignment thereof, appointment of substitute trustee documents and voiding any interest in the name of Defendant in the Property.  Furthermore, Plaintiff is entitled to peaceful and quiet possession of the Property against Defendant now and forever.

26.     Plaintiff seeks a declaratory judgment that Nationstar had the duty to fully inform Plaintiff of what a forbearance was, what would be required to resume mortgage payments upon

expiration of the forbearance, and to make sure Plaintiff would meet the prerequisites to obtain a loan modification once the forbearance expired.

## SECOND CAUSE OF ACTION:
### BREACH OF CONTRACT

26.     To the extent not inconsistent herewith, Tania Kanga Tharalingam ("Kanga") incorporates by reference the allegations made in paragraphs 1 through 17 as if set forth fully herein.

27.     The actions committed by Nationstar Mortgage, LLC ("Nationstar") constitute breach of contract because:

A.     There exists a valid, enforceable contract between Kanga and Nationstar;

B.     Kanga has standing to sue for breach of contract;

C.     Kanga performed, tendered performance, or was excused from performing her contractual obligations;

D.     Nationstar breached the contract; and

E.     The breach of contract by Nationstar caused Kanga's injury.

## THIRD CAUSE OF ACTION:
### VIOLATION OF TEXAS PROPERTY CODE §5.065

28.     To the extent not inconsistent herewith, Tania Kanga Tharalingam ("Kanga") incorporates by reference the allegations made in paragraphs 1 through 17 as if set forth fully herein.

29.     Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of

default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the home owners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

30.     The actions committed by Nationstar Mortgage, LLC ("Nationstar") constitute violations of the Texas Property Code §5.065 because Nationstar never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Nationstar to foreclose on their lien rights to the Property.

## FOURTH CAUSE OF ACTION:
## NEGLIGENT MISREPRESENTATION

31.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 17 as if set forth fully herein.

32.     In the alternative and without waiving any other allegation and/or cause of action asserted herein, Plaintiffs incorporate the preceding paragraphs and exhibits as if fully set forth herein. Defendant made false representations of material facts to Plaintiffs in the regular course of Defendant's business, profession or employment, or in the course of a transaction in which Defendant has a pecuniary interest. The representations Defendant made were false. Defendant made these false representations to Plaintiffs without exercising reasonable care or competence in obtaining or communicating the information. Defendant made these false representations with the intention that Plaintiffs rely and act on such representations. Plaintiffs did in fact rely on such false representations.

33.     As a result of Defendants negligent representation, Plaintiffs have been damaged, for which Plaintiffs request judgment and relief.

## FIFTH CUASE OF ACTION:
## <u>VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") AND REGULATION X</u>

34.     The acts, conduct, and/or omissions of Defendant, which at all material times hereto was acting in its alleged capacity as a "mortgage holder and servicer", also constitute violations of Regulation X of the Code of Federal Regulations established by the Consumer Financial Protection Bureau, 12, C.F.R. 1024.41 et. Seq., which became effective as of January 10, 2014, because Defendant made several material misrepresentations of fact to Plaintiff, who relied upon those misrepresentations to their detriment, and which are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

35.     Pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2605(f), Plaintiff has a private right of action providing for remedies for the claimed breaches of Regulation X, including actual damages, costs, statutory damages, and attorney's fees.

36.     Plaintiff's loan is a "federally related loan" as that term is defined by 12 C.F.R. 1026.41(e)(4), and Defendant is subject to these regulations and does not qualify for the exception for a "qualified lender" as defined by 12 C.F.R. 617.700.

37.     As to each of the acts, conduct and/or omissions of Defendant, as the mortgage holder and servicer, as described herein constitute violations of RESPA and Regulation X and were committed intentionally, knowingly, and/or with malice, or a conscious indifference as to the rights of the Plaintiff, Plaintiff is entitled to and

hereby seeks an award of exemplary damages in excess of the minimum jurisdictional

limits of this Court.

**DAMAGES:**
**ACTUAL DAMAGES**

38.     Plaintiff is entitled to recover her actual damages from Defendants for which

Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**EXEMPLARY DAMAGES**

39.     Plaintiff is entitled to recover her exemplary damages from Defendants for which

Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**ATTORNEYS' FEES**

40.     Plaintiff was forced to employ the undersigned attorneys to represent her and has

agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover her

reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code

for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this

Court.

**CONDITIONS PRECEDENT**

41.     All conditions precedent to the Plaintiff's right to bring these causes of action have

been performed, have occurred, or have been waived.

**REQUEST FOR DISCLOSURES**

42.     Defendants are hereby requested to disclose to Plaintiff, within 50 days of service of

this request, the information and material described in Rule 194 of the Texas Rules of Civil

Procedure.

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

43.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraph 1 through paragraph 41 as if set forth fully herein.

44.     Unless Defendant is enjoined, Plaintiff will suffer probable harm which is imminent and irreparable. More specifically, if not enjoined, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property and potentially causing Plaintiff to be dispossessed of the Property. Defendant has posted Plaintiff's Property at a foreclosure sale on January 3, 2023.  Plaintiff has no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiff may avail herself will not give him as complete, equal, adequate, and final a remedy as the injunctive relief sought in this Application.

45.     Therefore, Plaintiff requests that this Court issue a Temporary Restraining Order and, thereafter, a Temporary Injunction, to restrain Defendant from selling, or re-posting, the real property which is the subject matter of this lawsuit and is commonly known as 127 E. 31st ½ St., Houston, TX 77018 at a foreclosure sale.

46.     Plaintiff further requests that, upon trial on the merits, Defendant be permanently enjoined from the same acts listed in Paragraph 45 above.

47.     Plaintiff is likely to prevail on the merits of the lawsuit as described above.

48.     The granting of the relief requested is not inconsistent with public policy considerations.

## BOND

49.    Plaintiff is willing to post a reasonable temporary restraining order bond and requests that the Court set such bond

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

A.    Defendant be cited to appear and answer herein;

B.    The Court conduct a hearing on Plaintiff's Application for Injunctive Relief;

C.    A temporary restraining order be issued restraining Defendant, their agents, employees, and legal counsel, and those acting in concert or participation with Defendant who receive actual notice of the Order, by personal service or otherwise, from selling, or re-posting, the real property which is the subject matter of this lawsuit and is commonly known as 127 E. 31st ½ St., Houston, TX 77018 at a foreclosure sale;

D.    A Permanent Injunction be entered enjoining Defendant from the same acts listed in Paragraph C above; and

E.    Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendant for his actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully Submitted by,

**Law Office of Erick DeLaRue, PLLC**

By: ___ */s/ Erick DeLaRue* _____
        **ERICK DELARUE**
        Texas Bar No: 24103505
        2800 Post Oak Boulevard, Suite 4100
        Houston, TX  77056
        Telephone: 713-899-6727
        Email: erick.delarue@delaruelaw.com

        **ATTORNEY FOR PLAINTIFF**

12/27/2022 12:09:10 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 71292099
By: ABRAM, DERRICK A
Filed: 12/27/2022 12:09:10 PM

CAUSE NO._____

| | | |
|---|---|---|
| **TANIA KANGA THARALINGAM** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONSTAR MORTGAGE, LLC** | § | **_____ JUDICIAL DISTRICT** |

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **KNOW ALL THESE BY MEN PRESENTS:** |
| **COUNTY OF HARRIS** | § | |

## DECLARATION/VERIFICATION OF TANIA KANGA THARALINGAM

1.      "My name is Tania Kanga Tharalingam.  I am the Plaintiff in the above-captioned lawsuit.  I have read the Plaintiff's Original Petition, Application for Injunctive Relief, and Requests for Disclosures to which this Declaration relates and offer this Declaration in support of the statements and arguments asserted herein. I have personal knowledge of the facts therein and state that every factual statement made is true and correct.  I have never been convicted of a felony or other crime involving moral turpitude.

My name is Tania Kanga Tharalingam, my date of birth is ___09/24/1991_____,

and my address is __127 e 31st 1/2 St Houston, TX 77018_____. I

declare under penalty of perjury that the foregoing information is true and correct."

Executed in Harris County, State of Texas, on the ___26___ day of December, 2022.

_____
TANIA KANGA THARALINGAM

Receipt Number: 972134
Tracking Number: 74092697

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202283244

| | |
|---|---|
| PLAINTIFF: THARALINGAM, TANIA KANGA | In the 189th Judicial |
| vs. | District Court of |
| DEFENDANT: NATIONSTAR MORTGAGE LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONSTAR MORTGAGE LLC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFFS ORIGINAL PETITION APPLICATION FOR INJUNCTIVE RELIEF AND REQUESTS FOR DISCLOSURES.

This instrument was filed on December 27, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 27, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: DERRICK ABRAM

Issued at request of:
DELARUE, ERICK JOSEPH
2800 POST OAK BLVD.
HOUSTON, TX 77056
713-899-6727
Bar Number: 24103505

Tracking Number: 74092697

CAUSE NUMBER: 202283244

| | |
|---|---|
| PLAINTIFF: THARALINGAM, TANIA KANGA | In the 189th |
| vs. | Judicial District Court |
| DEFENDANT: NATIONSTAR MORTGAGE LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of
_____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____         _____

                           _____ of _____

County, Texas

_____   By: _____
         Affiant                        Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

                           _____
                                   Notary Public

12/27/2022 12:09:10 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 71292099
By: ABRAM, DERRICK A
Filed: 12/27/2022 12:09:10 PM

2022-83244 / Court: 189

CAUSE NO._____

| | | |
|---|---|---|
| TANIA KANGA THARALINGAM | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONSTAR MORTGAGE, LLC | § | 189th   JUDICIAL DISTRICT |
| | | |
| STATE OF TEXAS | § | |
| | § | KNOW ALL THESE BY MEN PRESENTS: |
| COUNTY OF HARRIS | § | |

## TEMPORARY RESTRAINING ORDER

ON THIS DATE the Plaintiff's Application for Temporary Restraining Order that was incorporated into and pled in Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Petition") in this cause, was heard and considered before this Court.

Based upon the pleadings, exhibits, records, and documents filed by Plaintiff and presented to the Court, as well as the arguments of legal counsel at the hearing, IT CLEARLY APPEARS THAT:

A.     Unless Nationstar Mortgage, LLC (collectively "Defendant"), their agents, employees, directors, shareholders, and legal counsel is/are immediately enjoined and restrained, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property identified and described in the Petition and potentially causing Plaintiff to be dispossessed of the Property. Plaintiff will suffer an immediate and irreparable harm and will have no adequate remedies under the law, and Defendant may commit the foregoing before notice and hearing on Plaintiff's Application for Temporary Injunction.

B.      Plaintiff will suffer an irreparable harm if Defendant, their agents, employees,

directors, shareholders, and legal counsel are not restrained immediately because

Defendant will sell the property at a foreclosure sale on January 3, 2022 which is

real property and Plaintiff's residence, which is unique and irreplaceable, and there

is no adequate remedy at law to grant Plaintiff complete, final, and equitable relief.


**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant,

their agents, employees, directors, shareholders, and legal counsel are hereby ORDERED to

immediately cease and desist from taking any further action in pursuit of selling or re-posting the

Property which is the subject matter of this lawsuit and is commonly known as 127 E. 31st ½ St.,

Houston, TX 77018 at foreclosure sale. Defendant, their agents, employees, directors,

shareholders, and legal counsel are hereby immediately enjoined and restrained from the date of

entry of this Order until fourteen (14) days hereafter, or until further ordered by this Court.

**IT IS FURTHER THEREFORE ORDERED, ADJUDGED, AND DECREED** that

Plaintiff's Application for Temporary Injunction be heard on the  17 day of January, 2023

starting at  1:30  a.m./p.m. in the courtroom of the  189  District Court of Harris County

located at in the Harris County Courthouse, 201 Caroline Street, Houston, Texas 77002 and that

Defendant is commanded to appear at that time and show cause, if any, why a temporary

injunction should not be issued against Defendant.

The Clerk of the above-entitled court shall issue a notice of entry of a temporary

restraining order in conformity with the law and the terms of this Order, to include a copy of this

Order, upon the filing by Plaintiff of the bond hereinafter set.

This Order shall not be effective until Plaintiff deposits with the Harris County District

Clerk, a bond in the amount of $__100_____, in due conformity with applicable law.  The bond

may be in the form of cash, cashier's check, or a check drawn from operating account of

Plaintiff's attorney's law firm.


SIGNED and ENTERED this the _____day of December 2022 at _____ a.m./p.m.

Signed:
12/28/2022
5:01 PM
_____
JUDGE PRESIDING

CAUSE NUMBER _2022·83244_

Tania Thorelingam
PETITIONER

§     IN THE DISTRICT COURT OF

§     HARRIS COUNTY, TEXAS

VS.

Nationstar Mortgage
RESPONDENT

§     189 JUDICIAL DISTRICT

## CLERK'S CERTIFICATE OF CASH DEPOSIT IN LIEU
## OF INJUNCTION BOND PER ORDER OF THE COURT

THE STATE OF TEXAS §
COUNTY OF HARRIS   §

**THIS DOCUMENT IS TO CERTIFY** that I, the undersigned Clerk of the District Courts of Harris County, Texas have received a cash deposit, as ordered by the Court, in the amount of ___One Hundred___ ... Dollars ($ _100·00_ ), to be deposited with the Registry of the Court in lieu of a **Temporary Restraining Order Bond** or a **Temporary Injunction Bond**, as required by Rule 684, T.R.C.P. in the above styled and numbered cause as provided by the order entered on the _30_ day of _December_, 20 _22_

This cash deposit is made and received in lieu of **TEMPORARY RESTRAINING ORDER** or a **TEMPORARY INJUCTION**, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part, and this certificate is issued to have the force and effect of a **TEMPORARY RESTRAINING ORDER BOND** or a **TEMPORARY INJUCTION BOND** in accordance with the Order of the Court.

WITNESS my hand and seal of office this _30_ day of _December_ A.D., 20 _22_

Marilyn Burgess, District Clerk
Harris County, Texas
PO BOX 4651
Houston, Texas 77210-4651

By: _____
Deputy District Clerk

Principal: _Erick DeLaRue_

Attorney: _Erick DeLaRue_
Bar Number: _24103505_

**FILED**
Marilyn Burgess
District Clerk
DEC 3 0 2022
Time: _____
Harris County, Texas
By _____
Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Page 1 of 1